IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Altamirano,<br><br>                Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>                Respondents. | No. CV-14-00147-PHX-SPL<br><br>**ORDER** |

Petitioner Victor Altamirano, who is confined in the Arizona State Prison Complex-Florence, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). United States Magistrate Judge Mark E. Aspey issued a Report and Recommendation ("R&R") (Doc. 11) recommending that the petition be denied, and Petitioner objected to the R&R (Doc. 12). For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.     Background**

On April 4, 2007, a grand jury indicted Petitioner in the Maricopa County Superior Court, Case No. CR 2007-103129, on two counts of aggravated driving or physical control while under the influence of intoxicating liquor or drugs. (Doc. 9-1, Exh. A.)[1] Following a jury trial, Petitioner was found guilty of both charges. He was sentenced to two concurrent terms of twelve years of imprisonment on March 12, 2008. (Doc. 9-1,

---

[1] The Court assumes the parties' familiarity with underlying facts of conviction which, for the reasons below, need not be reached on habeas review.

Exh. C.)

On January 27, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus in federal court, raising four claims for relief. (Doc. 1.) Respondents filed an Answer (Doc. 9) in which they argue that the petition should be dismissed as untimely, and alternatively, that Petitioner's claims fail on their merits.

## II. Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a petitioner is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III. Discussion

Having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244. The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

### A. Commencement of Limitations Period

Here, the 1-year limitations period began to run when the time for seeking direct

---

[2] The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

review expired. *See* 28 U.S.C. § 2244(d)(1)(A) (the 1-year limitations period runs from the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Following a timely direct appeal, the Arizona Court of Appeals issued its decision affirming Petitioner's convictions on December 1, 2009. (Doc. 9-1, Exh. B; *State v. Altamirano*, 2009 WL 4280040 (Ariz. Ct. App. Dec. 1, 2009). Petitioner did not file a petition for review. Therefore, judgment became final on December 31, 2009, when the time for filing a petition for review by the Arizona Supreme Court expired.[3] *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court"); *White v. Klitzkie*, 281 F.3d 920, 924, fnt. 4 (9th Cir. 2002) ("it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review").

It follows that, absent any tolling, the one-year limitations period would have commenced on January 1, 2010.

### B. Statutory Tolling of Limitations Period

Petitioner properly filed a notice of post-conviction relief on March 8, 2010. (Doc. 9-2, Exh. S.) Consequently, because there was no post-conviction relief proceeding *pending* in state court between January 1, 2010 and March 8, 2010, the limitations period was not tolled and ran during that period (i.e., 67 days). *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is *pending* shall not be counted toward any period of limitation under this subsection" (emphasis added)); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) (the period between when direct review becomes final and the filing of an application for collateral review is not tolled; tolling

---

[3] Petitioner sought an extension of time to file a delayed motion for reconsideration or petition for review, which was denied by the Arizona Court of Appeals. (Doc. 9-2, Exh. T.) The period during which that motion remained pending is not part of the direct review process for purposes of determining when the statute of limitations begins to run. *See Randle v. Crawford*, 604 F.3d 1047, 1054 (9th Cir. 2010) (if a petitioner later files or requests to file untimely appeal, the date of finality remains the date on which the date for timely filing an appeal expired).

begins when the application is filed).

Petitioner's post-conviction relief proceedings remained pending and statutorily tolled the limitations period until January 28, 2013, when the Superior Court dismissed his post-conviction relief petition. (Doc. 9-3, Exh. NN.) Petitioner did not seek review of that ruling and, because no application for post-conviction relief was pending following the Superior Court's denial, the limitations period began to run again the following day on January 29, 2013. *See Evans v. Chavis*, 546 U.S. 189, 191 (2006) (an application for state post-conviction review is "pending" during the period between a lower court's adverse determination and the *filing* of a timely notice of appeal); *Robinson v. Lewis*, 795 F.3d 926, 928-29 (9th Cir. 2015); *Maes v. Chavez*, 792 F.3d 1132, 1135 (9th Cir. 2015) ("an application is pending as long as the ordinary state collateral review process is 'in continuance'- *i.e.,* 'until the completion of' that process'"). Petitioner did not seek any further relief in state court. Thus, unless equitable tolling or an exception applies, the one-year limitations period ran until it expired in November 2013, ten months later.

Petitioner argues in his objection that the limitations period was statutorily tolled until February 21, 2013, when the Superior Court issued a corrected entry dismissing his petition. (Docs. 12 at 2; 9-3, Exh. NN.) This argument fails. No post-conviction relief petition was pending between the two state court entries. The February entry served only to correct a typographical error, in that Petitioner had been represented by counsel in his post-conviction relief proceedings, and had not appeared *pro se*. The corrected ruling therefore did not toll the limitations period.

### C. Equitable Tolling of Limitations Period

The Magistrate Judge also correctly found that Petitioner is not entitled to equitable tolling of the limitations period.

Petitioner objects to the R&R on the basis that he is entitled to equitable tolling for the period between the Arizona Court of Appeal's ruling and the filing of his notice for post-conviction relief because he was pursuing his rights diligently in state court during that time. (Doc. 12 at 1.) *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner

4

is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition (internal quotations omitted)). Petitioner fails however to show that circumstances existed which prevented him from timely filing a federal habeas petition. Petitioner offers nothing which suggests that state counsel's failure to perfect a timely direct appeal, or Petitioner's subsequent attempt to obtain further direct review, led to his ultimate failure to timely file a federal habeas petition. *See Randle*, 604 F.3d at 1055.

Petitioner further argues that limitations period should be equitably tolled until he received state counsel's March 9, 2013 letter, informing him of the denial of his post-conviction relief petition, and advising him that he had until March 23, 2013 to appeal the ruling in state court. (Doc. 12 at 3, 16.) This reasoning is also unconvincing. Petitioner does not explain how counsel's delayed notification made it impossible for him to timely file a federal habeas petition prior to the expiration of the limitations period in November 2013. *See Ramirez v. Yates*, 571 F.3d 993, 997-98 (9th Cir. 2009). Petitioner's mistaken belief that he had one-year from March 23, 2013 to file a habeas petition is insufficient to warrant equitable tolling. *See Rasberry v. Garcia,* 448 F.3d 1150 (9th Cir. 2006) (a petitioner's "inability [to] correctly calculate the limitations period" and "lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

Therefore, because the instant habeas petition was filed more than two months after the limitations period expired, his claims are untimely.

### D. Exception to the Limitations Period

Lastly, Petitioner does not demonstrate that the "fundamental miscarriage of justice exception" is applicable and compels review of his time-barred claims. "[A]n actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period. *McQuiggin v. Perkins*, 569 U.S. __, 133 S. Ct. 1924, 1928 (2013) (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995), holding actual innocence is an exception to

procedurally defaulted claims). This "fundamental miscarriage of justice exception" is applied in rare instances, and a "tenable actual-innocence gateway" claim will not be found unless the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup*, 513 U.S. at 329). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. *See also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011); *McQuiggin*, 133 S. Ct. at 1927 (explaining the significance of an "[u]nexplained delay in presenting new evidence").

Petitioner objects to the R&R on the basis that the fundamental miscarriage of justice exception entitles him to have the merits of his petition considered. (Doc. 12 at 7.) Echoing his underlying habeas claims, Petitioner argues that the trial court generally denied him due process of law, denied him of his right to self-representation, denied him of his right to have counsel at all critical stages of his proceedings, and denied him of his right to a speedy trial, tantamount to plain error. While Petitioner's arguments may challenge the inherent fairness of his conviction and the constitutional adequacy of the procedures that led to it, he does not argue or point to any evidence of actual, factual innocence. Having failed to identify any evidence that would have raised sufficient doubt about his guilt had it been made available at trial, Petitioner does not show that his conviction was the result of a miscarriage of justice and his time-barred claims command review. *See Schlup*, 513 U.S. at 315.

**IV.   Conclusion**

Having reviewed the record as a whole, Petitioner's federal habeas claims are time-barred and his objections are without merit. The R&R will be therefore be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That Magistrate Judge's Report and Recommendation (Doc. 11) is **accepted** and **adopted** by the Court;

2. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

4. That the Clerk of Court shall **terminate** this action.

Dated this 20th day of January, 2016.

Honorable Steven P. Logan
United States District Judge